CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
for Abingdon
AUG 31 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

DIRECTV, Inc., a California corporation,

Plaintiff,

v.

Dennis Fleming, Dwayne Fleming, Marsha Gibson, Kenneth Thompson, and John Does 1 to 5, d/b/a K & V Cable and K & V Cable TV Inc.,

Defendants.

Civ. No. 1:09CV00064

## COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND INJUNCTIVE RELIEF

Plaintiff DIRECTV, Inc., by and through its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. Plaintiff DIRECTV, Inc. ("DIRECTV") brings this action against defendants Dennis Fleming, Dwayne Fleming, Marsha Gibson, Kenneth Thompson and John Does 1 to 5 (collectively, "Defendants") for fraudulently obtaining DIRECTV's satellite television programming and distributing that programming over a cable television system owned and operated by Defendants in Haysi, Virginia. Defendants' cable system does business under the names K & V Cable and K & V Cable TV Inc. ("K & V Cable").

2. Defendants' actions violate the Communications Act, 47 U.S.C. § 605, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-21, and state law.

3. Plaintiff DIRECTV brings this action to restrain these illegal activities and for other relief described in this Complaint.

1

## PARTIES

4. Plaintiff DIRECTV is a corporation duly incorporated under the laws of the State of California.

5. Defendant Dennis Fleming is a resident of Haysi, Virginia and, upon information and belief, was or is an owner of K & V Cable.

6. Defendant Dwayne Fleming is a resident of Haysi, Virginia and, upon information and belief, was or is an owner of K & V Cable.

7. Defendant Marsha Gibson is a resident of Haysi, Virginia.

8. Defendant Kenneth Thompson is a resident of Haysi, Virginia.

9. Defendants John Does 1 to 5 are individuals and entities whose names are currently unknown to DIRECTV and who have acted in concert with Defendants and participated in the improper acts and practices alleged herein.

## JURISDICTION AND VENUE

10. This action arises under the Federal Communications Act, 47 U.S.C. § 605, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-21, and state law.

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 605(e)(3)(A), and 18 U.S.C. § 2520(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein. Additionally, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Personal jurisdiction and venue are proper in the Western District of Virginia, pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND

13. DIRECTV is the nation's leading Direct Broadcast Satellite system, delivering hundreds of channels of digital entertainment and informational programming to more than

18.3 million homes and businesses equipped with specialized DIRECTV receiving equipment. The DIRECTV receiving equipment consists of a small satellite dish, an integrated receiver/decoder (sometimes referred to as an "IRD"), and a DIRECTV access card that is necessary to operate the IRD.

14. DIRECTV's satellite television programming currently includes major cable networks, major studio movies, local broadcast stations in most markets, special event programming offered on a pay-per-view basis, and a variety of other sports and special interest programs and packages. DIRECTV contracts and pays for the right to distribute this programming and entertainment content to its subscribers, and holds license rights under the Copyright Act to exhibit the programming to its subscribers.

15. Most programming distributed by DIRECTV is delivered to DIRECTV's broadcast centers in Los Angeles, California, and Castle Rock, Colorado. At the broadcast centers and local collection facilities, DIRECTV digitizes and compresses the programming into a signal that is then encrypted (electronically scrambled) by DIRECTV to prevent unauthorized viewing of the programming. DIRECTV transmits the encrypted signal to satellites located in stationary orbits approximately 22,300 miles above the earth.

16. The satellites relay the encrypted signal back to Earth, where it can be received by DIRECTV's subscribers equipped with DIRECTV receiving equipment. The satellite dishes can be mounted on a rooftop, windowsill, or deck railing at the subscriber's home or business. The signal is received by the dish and transmitted by cable wire to the subscriber's integrated receiver/decoder. The integrated receiver/decoder is a box approximately the size of a VCR or DVD player and acts like a computer to process and decrypt the incoming signal using the credit-card-sized DIRECTV access card that is loaded into the integrated receiver/decoder.

17. Each integrated receiver/decoder and each access card are assigned unique serial numbers, and those numbers are used by DIRECTV in activating the satellite receiving equipment and to ensure that the equipment decrypts DIRECTV programming in accordance with the subscriber's authorized subscription package and pay-per-view purchases.

3

18. DIRECTV operates a Direct Broadcast Satellite Service under part 100 of Title 47 of the Code of Federal Regulations, pursuant to licenses issued by the Federal Communications Commission ("FCC") and other government agencies. The DIRECTV satellite system operates as a point-to-multipoint satellite service, sometimes called "direct-to-home" or "DTH," for distributing DIRECTV programming to residential and business subscribers in the United States.

19. DIRECTV provides television services to its residential subscribers pursuant to terms and conditions set forth in the DIRECTV Customer Agreement ("Customer Agreement"). That Customer Agreement strictly prohibits any re-broadcasting or retransmitting of DIRECTV programming, or viewing or use of that programming other than at the subscriber's residence. These terms and conditions are required by and consistent with DIRECTV's license agreements with the owners of the programming distributed by DIRECTV, and with DIRECTV's broadcast authority from the FCC and other government agencies.

## DEFENDANTS' WRONGFUL CONDUCT

20. Beginning at a time unknown and continuing to the present, defendants Dennis Fleming, Dwayne Fleming, Marsha Gibson, Kenneth Thompson, and John Does 1 to 5, individually and as members of a conspiracy, have engaged in repeated illegal and improper acts and practices for the purpose of fraudulently obtaining DIRECTV satellite television programming and distributing that programming over a cable system owned and operated by Defendants.

21. Defendants own and operate a cable television system licensed by the FCC that supplies cable television services to an unknown number of residential and commercial cable subscribers in and around Haysi, Virginia. Defendants' cable television system operates under the names "K & V Cable" and "K & V Cable TV Inc."

22. On or about December 15, 2005, defendant Dennis Fleming created a residential account for DIRECTV satellite television services, using a purported residential service address in Haysi, Virginia. Dennis Fleming activated seven DIRECTV IRDs and access cards associated with the account. Field tests performed on August 11 and 12, 2009, confirmed that IRDs and

4

access cards activated by Dennis Fleming are being used by Defendants to supply DIRECTV programming to subscribers of K & V Cable, in violation of the Customer Agreement and federal and state law.

23. On or about March 15, 2006, defendant Kenneth Thompson created a residential account for DIRECTV satellite television services, using a purported residential service address in Haysi, Virginia. Kenneth Thompson activated four DIRECTV IRDs and access cards associated with the account. Field tests performed on August 11 and 12, 2009, confirmed that IRDs and access cards activated by Kenneth Thompson are being used by Defendants to supply DIRECTV programming to subscribers of K & V Cable, in violation of the Customer Agreement and federal and state law.

24. On or about October 24, 2006, defendant Dennis Fleming created a residential account for DIRECTV satellite television services, using a purported residential service address in Haysi, Virginia. Dennis Fleming activated eight DIRECTV IRDs and access cards associated with the account. Field tests performed on August 11 and 12, 2009, confirmed that IRDs and access cards activated by Dennis Fleming are being used by Defendants to supply DIRECTV programming to subscribers of K & V Cable, in violation of the Customer Agreement and federal and state law.

25. Upon information and belief, defendant Marsha Gibson created a residential account for DIRECTV satellite television services, using a purported residential service address. Marsha Gibson activated an unknown number of DIRECTV IRDs and access cards associated with the account. Upon information and belief, some or all of the IRDs and access cards activated by Marsha Gibson are being used by Defendants to supply DIRECTV programming to subscribers of K & V Cable, in violation of the Customer Agreement and federal and state law.

26. Defendants created these residential accounts for the purpose of fraudulently obtaining DIRECTV television programming and distributing that programming over the cable system owned and operated by Defendants.

27. Defendants made multiple false representations and omissions in furtherance of Defendants' scheme to defraud DIRECTV.

28. At the time they created each residential account, Defendants misrepresented to DIRECTV the intended purpose and use of DIRECTV programming. That is, Defendants contracted for residential television service when in truth and fact Defendants knew and intended to use DIRECTV programming to supply television content to Defendants' cable television system without DIRECTV's authorization or consent and in violation of federal and state law, including DIRECTV's rights under the Customer Agreement.

29. At the time they created each residential account, Defendants misrepresented to DIRECTV the location where DIRECTV receiving equipment would be installed and maintained. That is, Defendants supplied purported residential service addresses when in truth and fact Defendants knew and intended to install and maintain the DIRECTV receiving equipment at cable head-ends used by Defendants in operation of their cable television system.

30. At the time they created each residential account, Defendants misrepresented to DIRECTV the intended location where DIRECTV programming would be viewed. That is, Defendants supplied purported residential service addresses when in truth and fact Defendants knew and intended that DIRECTV programming would be viewed at homes and businesses connected to Defendants' cable television system.

31. Defendants made periodic payments to DIRECTV to continue receiving satellite television service pursuant to the residential accounts created by them. At the times and on the dates they made each payment, Defendants failed to inform DIRECTV that its programming was being used to supply television content to Defendants' cable television system and at locations not authorized by DIRECTV.

32. In reliance upon the false representations and omissions by Defendants, DIRECTV approved these residential accounts and activated multiple IRDs and access cards associated with those accounts. In further reliance thereon, DIRECTV supplied and continued to

supply satellite television programming to what DIRECTV believed were valid and proper residential accounts.

33. Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to DIRECTV by depriving DIRECTV of subscriber and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, and interfering with DIRECTV's contractual and regulatory obligations and with prospective business relations.

## COUNT I
## RECEIVING AND ASSISTING OTHERS IN RECEIVING SATELLITE SIGNALS
## IN VIOLATION OF 47 U.S.C. § 605(a)

34. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

35. By creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others, Defendants have received and assisted others in receiving DIRECTV's encrypted satellite transmissions of television programming without authorization by or proper payment to DIRECTV, in violation of 47 U.S.C. § 605(a).

36. Defendants' violations have injured DIRECTV, including, by way of example, depriving DIRECTV of subscription revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, and interfering with DIRECTV's contractual and regulatory obligations and with prospective business relations.

37. Defendants have violated 47 U.S.C. § 605(a) willfully and for purposes of direct or indirect commercial advantage or private financial gain.

7

38. Defendants knew or should have known that receiving or assisting other persons in receiving DIRECTV's encrypted satellite transmissions of television programming without authorization by or proper payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendants will continue to violate 47 U.S.C. § 605(a).

**COUNT II**
**INTERCEPTING AND PROCURING OTHERS TO INTERCEPT**
**SATELLITE SIGNALS**
**IN VIOLATION OF 18 U.S.C. § 2511(1)(a)**

39. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

40. By creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others, Defendants have intercepted, endeavored to intercept and/or procured others to intercept or endeavor to intercept DIRECTV's encrypted satellite transmissions of television programming, without authorization by or proper payment to DIRECTV, in violation of 18 U.S.C. § 2511(1)(a).

41. DIRECTV is a person whose wire, oral or electronic communications have been intercepted, disclosed and/or intentionally used by Defendants in violation of 18 U.S.C. § 2511(1)(a), and is authorized to recover damages and other relief in a civil action pursuant to 18 U.S.C. § 2520.

42. Defendants' violations have injured DIRECTV, including, by way of example, depriving DIRECTV of subscription revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, and interfering with DIRECTV's contractual and regulatory obligations and with prospective business relations.

8

Case 1:09-cv-00064-JPJ-PMS   Document 1   Filed 08/31/09   Page 8 of 17   Pageid#: 8

43. Defendants violated 18 U.S.C. § 2511(1)(a) for tortious or illegal purposes, or for purposes of direct or indirect commercial advantage or private commercial gain.

44. Defendants knew or should have known that intercepting, endeavoring to intercept, and/or procuring others to intercept or endeavor to intercept DIRECTV's encrypted satellite transmissions of television programming, without authorization by or proper payment to DIRECTV, was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV does not have an adequate remedy at law to redress such continued violations. Unless restrained by this Court, Defendants will continue to violate 18 U.S.C. § 2511(1)(a).

## COUNT III
## OBTAINING AND ATTEMPTING TO OBTAIN SATELLITE SIGNALS IN VIOLATION OF VA. CODE § 18.2-187.1

45. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

46. By creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others, Defendants, knowingly and with intent to defraud, have obtained or attempted to obtain for themselves and others DIRECTV's encrypted satellite transmissions of television programming by use of false information, by use of a scheme, means or method, or by false applications for service with the intent to avoid payment of lawful charges therefor, in violation of Va. Code § 18.2-187.1.

47. DIRECTV is an "electronic communication service provider" and its satellite television programming services are "electronic communication services" within the meaning of Va. Code § 18.2-190.2.

9

48. DIRECTV is an "aggrieved" party and is authorized to recover damages and other relief in a civil action within the meaning of Va. Code § 18.2-187.1.E.

49. Defendants' violations have injured DIRECTV, including, by way of example, depriving DIRECTV of subscription revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, and interfering with DIRECTV's contractual and regulatory obligations and with prospective business relations.

50. Defendants knew or should have known that obtaining or attempting to obtain DIRECTV's satellite television services, with the intent to defraud DIRECTV, was, and is, illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV does not have an adequate remedy at law to redress such continued violations. Unless restrained by this Court, Defendants will continue to violate Va. Code § 18.2-187.1.

## COUNT IV
## FRAUD

51. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

52. On the dates and in the manner alleged above, Defendants falsely represented to DIRECTV that they were (a) creating residential subscriber accounts for the purpose of receiving DIRECTV satellite television programming at valid residential service addresses; (b) supplying accurate and truthful information about the location of DIRECTV satellite receiving equipment; (c) supplying accurate and truthful information about the intended use of DIRECTV satellite television programming; and (d) agreeing to abide by all terms and conditions in the DIRECTV Customer Agreement, including the prohibition on reselling, retransmitting and re-broadcasting any DIRECTV television programming. By their actions described herein, Defendants fraudulently induced DIRECTV to provide satellite television services based upon these false representations and material omissions.

53. The false representations and material omissions were made by Defendants with knowledge of their falsity, involved material facts, and were intended by Defendants to be acted upon by DIRECTV to its detriment.

54. Defendants' representations and omissions were false and misleading, and were intended by them to deceive or mislead DIRECTV and induce DIRECTV to authorize the residential accounts submitted by Defendants, activate integrated receivers/decoders, access cards and other DIRECTV receiving equipment associated with those accounts, and supply and continue to supply DIRECTV television programming to Defendants.

55. DIRECTV was unaware of the falsity of Defendants' representations and omissions, and reasonably and justifiably relied upon the same, in authorizing the residential accounts based on false and misleading information supplied by Defendants; activating integrated receivers/decoders, access cards and other DIRECTV receiving equipment associated with those accounts; and supplying and continuing to supply DIRECTV television programming to Defendants and others not entitled to receive that programming.

56. Defendants' conduct was egregious and reprehensible, and Defendants acted with evil motives or malice.

57. As a direct and proximate result of Defendants' wrongful conduct, DIRECTV has suffered and continues to suffer damages, and is entitled to recover such damages from Defendants, in an amount to be proven at trial, including lost subscription revenues and other valuable consideration, in addition to punitive damages.

## COUNT V
## UNJUST ENRICHMENT

58. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

59. As a direct and proximate result of their wrongful conduct, Defendants have enriched themselves at the expense of DIRECTV and without justification.

60. The benefits Defendants have conferred upon themselves include subscriber and other fees collected by Defendants from their cable customers and other benefits received by Defendants.

61. Defendants' retention of these benefits was and is without justification and constitutes unjust enrichment. Further, Defendants' conduct was egregious and reprehensible, and Defendants acted with evil motives or malice.

62. DIRECTV lacks an adequate remedy at law and is entitled to recover these benefits from Defendants, in an amount to be proven at trial.

## COUNT VI
## BREACH OF CONTRACT

63. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

64. Defendants entered into Customer Agreements with DIRECTV that, *inter alia*, authorized Defendants to receive and view DIRECTV television programming in the manner and for the purpose set forth in those Agreements. Section 1(i) of the Customer Agreement restricts the use of DIRECTV programming to "private viewing," defined as follows:

> Private Viewing. We [DIRECTV] provide Service only for your private non-commercial use, enjoyment and home viewing. The programming may not be viewed in areas open to the public or in commercial establishments. You may not rebroadcast, transmit or perform the programming, charge admission for its viewing or transmit or distribute running accounts of it.

65. The DIRECTV Customer Agreement, as subsequently amended and modified, is an enforceable contract that confers legally enforceable rights to DIRECTV.

66. By creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others, Defendants have breached and are continuing to breach the DIRECTV Customer Agreement.

12

67. As a direct and proximate result of Defendants' wrongful conduct, DIRECTV has suffered and continues to suffer damages, including compensatory, consequential and/or restitutionary damages, in an amount to be proven at trial.

68. Defendants knew or should have known that their conduct alleged herein violated the terms of the DIRECTV Customer Agreement, as amended and modified, and that Defendants were in breach of their obligations thereunder. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV does not have an adequate remedy at law to redress such continued violations. Unless restrained by this Court, Defendants will continue to violate the DIRECTV Customer Agreement.

## COUNT VII
## STATUTORY BUSINESS CONSPIRACY - VA. CODE § 18.2-499

69. Plaintiff DIRECTV repeats and realleges the allegations in all preceding paragraphs as if set forth fully herein.

70. In violation of Va. Code § 18.2-499, Defendants have intentionally conspired, acted in concert, agreed, associated, mutually undertaken or combined with one another for the purpose of willfully and maliciously injuring DIRECTV in its business through unlawful acts including, but not limited to:

(a) creating multiple DIRECTV residential subscriber accounts with false information and for improper purposes;

(b) installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV

(c) re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and

(d) distributing and selling DIRECTV programming to Defendants' cable customers and others without authorization by or proper payment to DIRECTV.

13

71. Defendants' unlawful actions in furtherance of this conspiracy have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV does not have an adequate remedy at law to redress such continued violations. Unless restrained by this Court, Defendants will continue to violate Va. Code § 18.2-499.

72. As a direct and proximate result of Defendants' conspiracy in violation of Va. Code § 18.2-499, DIRECTV has suffered and will continue to suffer damages associated with loss of business, contractual relationships and prospective contractual relationships, and injury to its reputation and business good will, all to its damage and detriment.

73. DIRECTV is entitled to recover treble damages from Defendants, in an amount to be proven at trial, and its costs and attorneys' fees associated with this action pursuant to Va. Code §18.2-500.

## PRAYER FOR RELIEF

Wherefore, plaintiff DIRECTV respectfully requests that this Court grant the following relief:

a. Find that Defendants' conduct in creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others, violates 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a), Va. Code § 18.2-187.1, Va. Code § 18.2-499, and state common law;

b. Find further that Defendants' conduct was the intended and foreseeable result or consequence of Defendants' conspiracy to defraud DIRECTV;

c. Find further that Defendants' violations of 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a), Va. Code § 18.2-187.1, Va. Code § 18.2-499, and state common law were willful and malicious, for tortuous or illegal purposes, and/or for purposes of direct or indirect commercial advantage or private commercial or financial gain;

14

d. In accordance with 47 U.S.C. § 605(e)(3)(B)(i), 18 U.S.C. § 2520(b)(1), Va. Code §§ 18.2-187.1, 18.2-499 and 18.2-500, and state common law, and in accordance with the DIRECTV Customer Agreement, enjoin and restrain Defendants, and persons or entities controlled directly or indirectly by Defendants, from creating residential subscriber accounts with false information and for improper purposes, installing and maintaining DIRECTV receiving equipment at locations or facilities not authorized by DIRECTV, re-broadcasting and retransmitting DIRECTV programming through Defendants' cable system, and distributing and selling DIRECTV programming to Defendants' cable customers and others;

e. In accordance with 47 U.S.C. § 605(e)(3)(B)(i), 18 U.S.C. § 2520(b)(1), Va. Code §§ 18.2-187.1, 18.2-499 and 18.2-500, and state common law, and in accordance with the DIRECTV Customer Agreement, order Defendants to return to DIRECTV all integrated receivers/decoders, access cards, and other hardware and software derived from or intended for the DIRECTV satellite system;

f. In accordance with 47 U.S.C. § 605(e)(3)(C)(i) and (ii), award DIRECTV the greater of (1) actual damages suffered by DIRECTV and any profits made by Defendants that are attributable to the violations alleged herein, or (2) statutory damages of up to $100,000 for each violation of 47 U.S.C. § 605(a);

g. In accordance with 18 U.S.C. § 2520(c)(2), award DIRECTV the greater of (1) actual damages suffered by DIRECTV and any profits made by Defendants as a result of the violations alleged herein, or (2) statutory damages of whichever is the greater of $100 per day for each day of violation of 18 U.S.C. § 2511(1) or $10,000;

h. In accordance with Va. Code § 18.2-187.1, award DIRECTV the greater of (1) actual damages suffered by DIRECTV as a result of Defendants' violations of Va. Code § 18.2-187.1, or (2) statutory damages of $500 for each violation;

i. In accordance with Va. Code §§ 18.2-499 and 18.2-500, award DIRECTV treble damages in an amount to be proven at trial;

15

j.  In accordance with state common law, award DIRECTV compensatory, consequential, and/or restitutionary damages, in an amount to be proven at trial;

k.  In accordance with 18 U.S.C. § 2520(b)(2) and state law, award DIRECTV punitive damages;

l.  In accordance with 47 U.S.C. § 605(e)(3)(B)(iii), 18 U.S.C. § 2520(b)(3), Va. Code §§ 18.2-187.1, 18.2-499 and 18.2-500, and state common law, and in accordance with the DIRECTV Customer Agreement, order Defendants to pay to DIRECTV all of its costs, reasonable attorneys' fees and investigative fees;

m.  In accordance with 47 U.S.C. § 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2)(B), Va. Code §§ 18.2-187.1, 18.2-499 and 18.2-500, and state common law, order Defendants to (1) provide to DIRECTV a full and accurate accounting of all profits or other benefits received by them as a result of the wrongful conduct alleged herein, (2) pay to DIRECTV all profits or other benefits received by Defendants from the wrongful conduct alleged herein, and (3) deliver to DIRECTV all real or personal property, money or other things of value obtained by them, directly or indirectly, or acquired by them, in whole or in part, with profits or other benefits received by Defendants from the wrongful conduct alleged herein;

n.  Award DIRECTV pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law; and

o.  For such additional relief as the Court deems to be just and equitable.

DATED this 31st day of August, 2009.

By /s/ Adam Casagrande
Adam Casagrande, VSB # 46726
Kathryn M. Carmichael, VSB #70410
WILLIAMS MULLEN
1700 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
Phone: (757) 629-0713
Fax: (757) 629-0700
acasagrande@williamsmullen.com
kcarmichael@williamsmullen.com

16

OF COUNSEL:

Scott T. Wilsdon (*pro hac vice* pending)
John H. Jamnback, VSB # 27818
YARMUTH WILSDON CALFO PLLC
818 Stewart Street, Suite 1400
Seattle, Washington 98101
Phone: (206) 516-3800
Fax: (206) 516-3888
wilsdon@yarmuth.com
jjamnback@yarmuth.com

Attorneys for Plaintiff DIRECTV, Inc.